## IN THE COURT OF APPEALS OF IOWA

No. 23-1137
September 27, 2023

**IN THE INTEREST OF M.D.,**
**Minor Child,**

**J.S., Mother,**
　　　Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D. Fagan, District Associate Judge.


A mother appeals the termination of her parental rights. **AFFIRMED.**


Sara E. Benson of Meldrum & Benson Law, P.C., Council Bluffs, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Norman Springer Jr. of McGinn, Springer & Noethe PLC, Council Bluffs, attorney and guardian ad litem for minor child.


Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

The juvenile court terminated both parents' parental rights to their child. The child was eight years old at the time of the termination hearing. Only the mother appeals the termination order. She challenges the statutory grounds for termination, including whether the State made reasonable efforts toward reunification, and whether termination is in the child's best interests.[1]

We conduct de novo review of orders terminating parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process that involves determining if a statutory ground for termination has been established, whether termination is in the child's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). If a parent does not challenge any of the three steps, we need not address it on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(b), (d), (e), (f), and (*l*). As the mother's rights were terminated on multiple grounds, we may affirm if any one of the grounds is supported by the record. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). We choose to focus on paragraph (f), which permits termination upon clear and convincing

---

[1] The mother also includes a separate argument challenging whether the State established "that at the present time the child cannot be returned to the custody of the child's mother as provided in section 232.102." This addresses the fourth element of one of the statutory grounds authorizing termination, *see* Iowa Code § 232.116(1)(f) (2023), so this issue is subsumed in our consideration of the statutory-grounds issue.

proof that (1) the child is four years of age or older; (2) the child has been adjudicated a child in need of assistance; (3) the child has been removed from the physical custody of the parents for at least twelve of the last eighteen months; and (4) the child cannot be returned to the custody of the parent.

The mother only challenges the fourth element. She contends the child could be safely returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4) ("There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102."); *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that "at the present time" means at the time of the termination hearing). We conclude the child could not be safely returned to the mother's custody.

This family came to the attention of the Iowa Department of Health and Human Services due to reports the mother was caring for the child while under the influence of methamphetamine. During the next fourteen months leading up to the termination hearing, the mother spent significant periods of time incarcerated on multiple occasions. When she was released from jail the last time, she began using methamphetamine again, admitting her last use was the night before she entered treatment approximately one month before the termination hearing. The mother completed the substance-abuse treatment program the morning of the termination hearing. She planned to enter an aftercare facility that same day and believed the child could be placed there with her. While we commend the mother for successfully completing treatment, this is a classic example of too little done too late. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("A parent cannot wait until the eve of termination, after the statutory time periods for reunification have

expired, to begin to express an interest in parenting."). The mother has not had any sustained period of sobriety within the community. Given the absence of any evidence of success following treatment, we cannot say that the mother's relationship with methamphetamine is at an end or that the child could be safely returned to the mother's custody. *See In re C.H.*, No. 23-0123, 2023 WL 3092111, at *3 (Iowa Ct. App. Apr. 26, 2023); *In re S.J.*, No. 20-1430, 2021 WL 811162, at *1 (Iowa Ct. App. Mar. 3, 2021); *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *1–3 (Iowa Ct. App. Apr. 15, 2020).

The mother contends reunification failed because the State did not make reasonable efforts toward reunification. While not a strict substantive requirement for termination, "[t]he State must show reasonable efforts [toward reunification] as part of its ultimate proof that the child cannot be safely returned to the [custody] of a parent." *In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019) (first alteration in original). The problem with the mother's argument—aside from the fact that the mother does not identify what services were withheld that would have fostered reunification—is that a parent cannot challenge reasonable efforts for the first time on appeal, or even first raise a challenge at the termination hearing. *See In re E.H.*, No. 21-0467, 2021 WL 2709486, at *2 (Iowa Ct. App. June 30, 2021). A parent must alert the juvenile court of any perceived deficiency in services "at the removal, when the case permanency plan is entered, or at later review hearings." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). When a parent fails to timely request additional or different services, the parent waives any reasonable-efforts challenge. *Id.* The mother never timely informed the juvenile court of any deficiency in services, so her reasonable-efforts challenge is waived. Even if the mother had not waived her

challenge, she does not identify any deficiencies in the services provided or what services would have facilitated reunification. *See id.* at 147 n.4 (requiring a parent to identify deficiencies in services or request additional services before being able to challenge the sufficiency of the services). We ultimately conclude a statutory ground authorizing termination is satisfied.

Next, we turn to the mother's contention that termination is not in the child's best interests. When making a best-interest determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)). The child has indicated that "she is scared, nervous, and not ready to talk to her mom." Conversely, she is doing well with her foster family and "appears happy, content, and safe" when around the foster family. The mother has not demonstrated any ability to be actively involved in the child's life or to provide the child with any stability. These facts lead us to conclude termination is in the child's best interests.

As the mother does not request application of any permissive exceptions to termination found in section 232.116(3),[2] we need not address the last step in the three-step process. *See id.* (noting that if a parent does not challenge one of the steps, we do not address it).

**AFFIRMED.**

---

[2] The mother makes a passing reference to her bond with the child. However, she makes no argument that that bond should preclude termination. *See* Iowa Code § 232.116(3)(c) (permitting the court to forgo termination due to a strong parent-child bond).